IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY LEE TUTOR                                                               PLAINTIFF

VS.                                                      CIVIL ACTION NO. 1:13CV225-MPM-DAS

LIBERTY INSURANCE CORPORATION; UNITED PARCEL
SERVICE, INC.; UNITED PARCEL SERVICE CO.;
APRIL DALLAS; BONNIE GENTRY KING;
and JOHN DOES A through E                                                      DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiff Anthony Lee Tutor to remand this case to the Circuit Court of Clay County. Defendants United Parcel Service, Inc. ("UPS") and April Dallas have responded in opposition to the motion. The court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

The sole jurisdictional issue in this diversity action is whether defendant April Dallas, who is, like plaintiff, domiciled in Mississippi, was fraudulently joined in this workers' compensation bad faith action. Plaintiff's bad faith claim arises out of a back injury which he allegedly suffered while delivering packages in the course of his customary work duties as a UPS deliveryman. In his complaint, plaintiff alleges that Dallas herself, in her capacity as a business manager at UPS, improperly made the evaluation that his injury was not work related and refused to report it to UPS' workers' compensation carrier. Plaintiff contends that Dallas improperly concluded that his back injury was solely a pre-existing condition and made medical diagnoses and legal opinions which she was not qualified to make. Based upon these and other

allegations, plaintiff filed the instant bad faith action against defendants in the Circuit Court of Clay County, and defendants removed the case to this court on the basis of diversity jurisdiction.

Plaintiff has presently moved to remand, arguing that diversity jurisdiction is lacking, inasmuch as he and Dallas are both domiciled in Mississippi. Defendants argue, however, that plaintiff has no possibility of recovery against Dallas and that she was fraudulently joined in this action. It is well established that the removing party bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Rather than a "mere theoretical possibility of recovery," there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis*, 326 F.3d at 648 (*citing Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

In their brief opposing remand, defendants do not argue that there are no circumstances under which an employer (or presumably one of its managers) could be held liable for bad faith handling of a workers' compensation claim under Mississippi law. To the contrary, defendants appear to concede that, in *Luckett v. Mississippi Wood Inc.*, 481 So.2d 288 (Miss. 1985), the Mississippi Supreme Court at least opened the door to potential recovery in this regard. Specifically, defendants write in their brief as follows:

> Plaintiff asserts that there is a cause of action against the non-diverse defendant, April Dallas, an employee of UPS. Plaintiff relies on *Luckett v. Mississippi Wood Inc.*, 481

> So.2d 288 (Miss. 1985) to assert that an employer may be held liable for the bad faith handling of a worker's compensation claim. Plaintiff further asserts that the holding in *Luckett* has been relied upon by other federal courts. Yet, each of these cases merely hold that an employee may sue his employer if the employee can prove the elements of bad faith. Here, Plaintiff cannot prove the requisite elements of bad faith.

In arguing that diversity jurisdiction exists on the basis of fraudulent joinder, defendants instead rely upon a factual insufficiency argument, writing in their brief that:

> In his complaint and his Memorandum in Support of Motion for Remand, Plaintiff relies on the depositions of UPS personnel in the underlying workers' compensation action. However, in doing so, Plaintiff avoided quoting or citing the complete portions of the deposition which support the fact that there is no claim for bad faith against Dallas. Specifically, the sections of the deposition testimony cited, reference a conversation between Plaintiff, Dallas, and Gary Bishop, Plaintiff's supervisor on the date of the injury. Further, Plaintiff failed to quote the testimony in the depositions wherein the parties discussed the actual conversation in which Plaintiff admitted that he had been seeing a chiropractor regarding his back prior to the date of the incident in question. The testimony clearly establishes a reasonable basis for Ms. Dallas to understand that the injury alleged was not work related. Once all of the relevant testimony is considered, it is clear that Ms. Dallas had a reasonable basis for not reporting the claim as a workers' compensation claim. Thus, Plaintiff does not have a claim for bad faith against Ms. Dallas and she has been fraudulently joined to defeat this Court's jurisdiction.

Defendants thus argue that plaintiff is unable to establish fact issues regarding Dallas' potential liability, based upon the proof in this case.

It is plain from the briefing in this case that defendants have argued the issues herein much as they would a summary judgment motion, with arguments relying heavily upon an evaluation of the facts in the record. At one time, this would have been entirely proper under Fifth Circuit law. In its seminal decision in *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568 (5th Cir. 2004), however, the *en banc* Fifth Circuit made it clear that district courts should generally apply a standard of review similar to the Rule 12 dismissal standard, rather than the quasi-summary judgment standard of review that many district courts had applied pre-*Smallwood*. In so concluding, the Fifth Circuit wrote as follows:

3

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaint has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573.

In the court's experience, *Smallwood* has resulted in a dramatic reduction in the number of fraudulent joinder removals in this state, a trend which has put the Fifth Circuit more in line with other federal circuits. Indeed, a 2004 law journal article noted that, pre-*Smallwood*, the Fifth Circuit saw a dramatically larger number of fraudulent joinder removals than any other federal circuit. *See* E. Farish Percy, Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder, 91 Iowa L.Rev. 189, 240 tbl. 1 (2005). It is thus apparent that, pre-*Smallwood*, the Fifth Circuit's fraudulent joinder jurisprudence was something of an aberration among the federal circuits. The court submits that, in most cases, there is a fundamental anomaly, not to mention a severe judicial inefficiency, in deciding the merits of a case in order to determine whether the court has jurisdiction over it. The Fifth Circuit retreated from this approach in *Smallwood*, but defendants' briefing does not take account of this fact.

The court sees nothing about the facts of this case that would include it among the "hopefully few" cases in which it should apply a summary judgment-type analysis, even post-*Smallwood*. Indeed, it seems clear that Dallas actually did play a crucial role in the decision not to forward plaintiff's workers' compensation claim to UPS' insurance carrier for evaluation, and this is accordingly not a case in which a plaintiff is merely naming as a defendant a manager who played no important role in the allegedly unlawful conduct. The court notes for the record that plaintiff does have his own proof in this case which, if deemed credible, arguably suggests that

4

Dallas may have made medical evaluations regarding his alleged injuries which she, as a UPS manager, was not qualified to make. For example, plaintiff notes that Dallas testified in her deposition as follows:

> Q. Are you aware of any doctor's opinion that seems to even indicate that his condition today is related to a preexisting condition?
> A. No. I don't have any of his medical records at all, so –
> Q. So, without any medical records, in September the 1st, 2011, you and Patsy Miner made that decision.
> A. Based on the conversation that he told us, yes.
> Q. I understand. Y'all made that decision.
> A. Yes.
> Q. You didn't have any medical records.
> A. No.
> Q. And today you have no medical records.
> A. No.
> Q. You haven't looked at a single medical record.
> A. No.
> Q. And y'all still believe that you're correct in that –
> A. 100 percent.
> Q. – determination that you made.
> A. Yes.
> Q. 100 percent.
> A. 100 percent.

Defendants note that plaintiff fails to mention a conversation in which he told Dallas that he had been seeing a chiropractor about his back troubles, but it strikes this court that this does not necessarily preclude the possibility that he might have later suffered a compensable work injury and that, at a minimum, the claim should have been forwarded to trained medical professionals for evaluation.

In light of the foregoing, the court might conceivably conclude that genuine fact issues existed in this case regarding Dallas' liability, even under a quasi-summary judgment standard. The court concludes, however, that a quasi-Rule 12 standard should be applied under *Smallwood*, and, based on this standard, defendants have failed to demonstrate that Dallas was fraudulently joined in this action. Plaintiff's motion to remand is therefore due to be granted.

It is therefore ordered that plaintiff's motion to remand is granted, and this case is hereby remanded to the Circuit Court of Clay County.

SO ORDERED this 24th day of April, 2014.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**